UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHIMN DIVISION

| | |
|---|---|
| DONSHAE DIEGO HARRELL, | Criminal Case No. 13-20198 |
| Petitioner, | |
| | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| UNITED STATES OF AMERICA, | U.S. MAGISTRATE JUDGE |
| | R. STEVEN WHALEN |
| Respondent. | |
| _____/ | |

**ORDER GRANTING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE [80]**

On April 28, 2020, Donshae Diego Harrell filed an Emergency Motion for Compassionate Release [80] asking this Court for his immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) from Federal Correctional Institution ("FCI") Danbury due to the COVID-19 pandemic. (ECF No. 80). On May 4, 2020, the Government filed a Response [83]. The Court held oral argument on the motion on May 12, 2020. After the hearing, the Court ordered the parties to provide supplemental records. (ECF No. 87). On May 21, 2020, the Government submitted Harrell's supplemental medical and prison records. (ECF No. 89). On May 26, 2020, the Court held a follow-up hearing. For the reasons stated below and on the record, the Court **GRANTS** Harrell's Motion for Compassionate Release [80].

## FACTUAL BACKGROUND

On September 17, 2013, The Honorable Julian A. Cook sentenced Mr. Harrell to 180 months (15 years) of imprisonment for Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base (Count I) and Possession with Intent to Distribute a Controlled Substance (Count II). Both counts carried a mandatory minimum of 10 years. Harrell's current release date is July 25, 2028; with good time, he can be released as early as June 16, 2026.

Harrell is incarcerated at FCI Danbury in Connecticut. His prison medical records indicate that he has been diagnosed with and is being treated for hypertension, high cholesterol, type 2 diabetes. (ECF No. 89-7, PageID. 694; ECF No. 89-8, PageID. 746). On April 8, 2020, Harrell sent the medical social worker a request for his compassionate release and cited his medical conditions as placing him at high risk for contracting COVID-19. (ECF No. 89-9, PageID. 763). On April 23, 2020, the Warden denied Harrell's request stating that there is no evidence that his medical condition "has shown significant deterioration." (ECF No. 89-13, PageID. 769). Harrell appealed the denial on May 15, 2020. (ECF No. 89-12, PageID. 768). The BOP has not yet responded.

## ANALYSIS

The compassionate release statute states the following in relevant part.

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> **(i)**   extraordinary and compelling reasons warrant such a reduction.

18 U.S.C.A. § 3582.

There is no dispute that Harrell has exhausted his administrative remedies. The Court thus has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether Defendant poses a danger to the community, and third, whether a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. <u>Extraordinary and Compelling Reasons for Release</u>

In order to determine if extraordinary and compelling reasons exist to release Harrell, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement recites the following:

**1. Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

**(A) Medical Condition of the Defendant.--**

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,
**(II)** suffering from a serious functional or cognitive impairment, or
**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or he is not expected to recover
[. . .]

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13

Here, Harrell has presented "Other Reasons" in combination with his serious medical conditions, to warrant compassionate release. While the COVID-19 pandemic is devastating in every region it invades, prison populations are subject to heightened vulnerability. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. TIMES (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between

inmates and guards as reasons prisoners are at increased risk of infection); *See, e.g.*, Courtney Bublé, *Federal Prisons Pose 'Imminent Danger' in Spreading COVID-19, Union Says*, GOVERNMENT EXECUTIVE (April 6, 2020), https://www.govexec.com/oversight/2020/04/federal-prisons-pose-imminent-danger-spreading-covid-19-union-says/164390/ (detailing a prison workers' union complaint to OSHA complaining of "imminent danger" due to the BOP's failure to follow national safety guidelines).

Furthermore, the persuasive precedent for granting compassionate release under the current circumstances is overwhelming. *United States v Andre Williams*, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *United States v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020) ("Defendant is the most susceptible to the devastating effects of COVID-19. He is in the most susceptible age category (over 60 years of age) and him COPD and emphysema make him particularly vulnerable. 18 U.S.C. § 3582(c)(1)(A)(i) compassionate release granted."); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with

the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify to Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC."); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020), at *2 ("Because Defendant is at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.").

Harrell argues that his underlying conditions warrant similar treatment. First, The CDC states that people with hypertension are vulnerable because, a respiratory illness from COVID-19 could "make it harder for [a person's] heart to work, [which] can lead to a worsening of COVID-19 symptoms." *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited May 27, 2020).

Second, Harrell suffers from diabetes. The CDC states that people with diabetes, of any kind, are vulnerable because, diabetes-related health problems "can make it harder to overcome COVID-19." *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited May 27, 2020).

Furthermore, FCI Danbury currently has 12 inmates and 2 staff members who have tested positive. *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 27, 2020). 131 inmates and staff members have already been infected and have recovered. *Id.* One inmate has died from the virus. *Id.* Mr. Harrell claims that although the prison is currently on lockdown, several of the inmates on his cell block are sick. (ECF No. 80, PageID. 175).

In opposition, the Government argues that Harrell is not vulnerable, because he is only 45 and his conditions are well managed. The Government's arguments about medical minutiae, while noted by the Court, are dismissed as unpersuasive. Even if, assuming arguendo, Harrell's conditions do not independently and perfectly fit the definition of severity, as outlined by the CDC, his conditions still exacerbate each other, placing him in a much more vulnerable position than a healthy person if he were to get COVID-19, regardless of his age. *See* Wei-jie Guan et al., *Comorbidity and its impact on 1590 patients with COVID-19 in China: a nationwide analysis,* 55 EUROPEAN RESPIRATORY J. (2020) ("Among laboratory confirmed cases of COVID-19, patients with any comorbidity yielded poorer clinical outcomes than those without. A greater number of comorbidities also correlated with poorer clinical

outcomes . . . (8.2%) patients reported having two or more comorbidities." The most common comorbidity was hypertension, followed by diabetes.). Therefore, extraordinary and compelling reasons exist for Harrell's immediate compassionate release.

2. <u>Danger to the Community</u>

Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Court finds that Harrell's conduct in prison indicates that he presents a low risk of recidivism. Although Harrell has had two disciplinary incidents in prison for Refusing to Obey an Order and Possessing A Hazardous Tool, the Court finds that Harrell's extensive record of rehabilitation and training overshadows these prior incidents. (ECF No. 89-10, PageID. 764).

With the completion of the Comprehensive Drug Treatment Program (RDAP) and his participation in the Inmate Financial Responsibility Program (IFRP), he can be released in June 2026, putting him in the second half of his sentence. (ECF No. 80, PageID. 184). Throughout his incarceration, he has maintained steady employment in the food serves division, furthermore, he has successfully completed his GED, drug counseling courses, re-entry programs, and several apprenticeships in marketing, real estate, cooking and housekeeping (ECF No. 89-11, PageID. 765).

The Court is particularly impressed with Harrell's apprenticeship as a Mental Health Companion Peer Specialist (*Id.*). Harell's commitment to such a vital and extensive training process demonstrates that he has done everything in his power to change. Harrell also claims that he will reside with his sister upon release. (ECF No. 80, PageID. 184). Considering the willingness of his family to take him in and support his reentry, the Court sees no reason why he cannot be released.

  3. Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the May 27, 2020 hearing. Harrell's crimes were serious, but the quality of his time in prison has shown that he has the educational and correctional tools to not only live a life apart from crime, but to also positively impact his community. Finally, the potential danger of Harrell's medical conditions outweigh any marginal benefit he would receive from finishing his remaining time in prison. A sentence reduction to time-served is therefore in line with the § 3553(a) factors.

## Conclusion

**IT IS ORDERED** that Petitioner's Motion for Compassion Release [80] is **GRANTED**.

**IT IS FURTHER ORDERED** that because the BOP **RELEASE** Harrel upon the completion of his 14-day quarantine.

**IT IS FURTHER ORDERED** that upon release Harrell will begin his 5-year term of **SUPERVISED RELEASE**, as outlined by the September 30, 2013 Judgment (ECF No. 67).

**SO ORDERED**.

Dated: May 28, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge